JOHN EICHHORST (No. 139598)
EDWARD B. MULLEN III (No. 194868)
KATHLEEN S. MORRIS (No. 196672)
KEVIN H. LEWIS (No. 197421)
HOWARD, RICE, NEMEROVSKI, CANADY,
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4065
Telephone:  415/434-1600
Facsimile:   415/217-5910

ANN BRICK (No. 65296)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
1663 Mission Street, Suite 460
San Francisco, California 94103
Telephone:  415/621-2493
Facsimile:   415/255-8437

Attorneys for Plaintiffs
GAY-STRAIGHT ALLIANCE NETWORK and
GEORGE LOOMIS

FILED

2002 AUG 15 P 2: 01

CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____
          DEPUTY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAY STRAIGHT ALLIANCE NETWORK and GEORGE LOOMIS, <br><br> Plaintiffs, <br><br> v. <br><br> VISALIA UNIFIED SCHOOL DISTRICT, by and through its Board of Education; CARLYN LAMBERT, Superintendent; LINDA GONZALES, former Superintendent; BOB CESENA, Principal; GIG STEVENS, Assistant Principal, JUAN GARCIA; and Does 1-25, inclusive, <br><br> Defendants. | No. Civ. F-00-6616 OWW/LJO <br><br> Action Filed: September 29, 2000 <br><br> CONSENT DECREE AND ORDER; <u>STIPULATION OF DISMISSAL</u> |

CONSENT DECREE AND ORDER

On January 24, 2001, Plaintiff Gay-Straight Alliance Network ("GSA Network") joined this action and, together with Plaintiff George Loomis, filed a First Amended Complaint asserting federal equal protection and due process claims as well as statutory claims under the California Education and Civil Codes.

Defendant Visalia Unified School District ("VUSD") denies the allegations in the First Amended Complaint. The parties desire to avoid further costly and protracted litigation and have voluntarily agreed, as indicated by the signatures below, to resolve Plaintiffs' claims against Defendant without the necessity of a trial by entering into this Consent Order. After reviewing the terms of this Consent Order, the Court concludes that the entry of this Consent Order comports with federal law and is appropriate under all the circumstances.

Therefore, it is ORDERED, ADJUDGED and DECREED as follows:

## I. Mandatory Staff Training Program

A. *Retention Of Intergroup Clearinghouse.* Within thirty (30) calendar days from the date of entry of this Consent Order, VUSD will retain the Intergroup Clearinghouse to prepare and implement all aspects of the mandatory Fall semester 2002 staff training programs for certain administrators, teachers and other staff within the VUSD ("Qualified Staff" as defined in Paragraph I.B), as more fully described below.

B. *Qualified Staff.* This Mandatory Staff Training Program will be mandatory for all certificated employees, administrators, and non-certificated staff who are responsible for monitoring student behavior (collectively referred to in this Consent Order as "Qualified Staff"). Notwithstanding the foregoing, Qualified Staff specifically does not include school bus drivers.

C. *Initial Staff Trainings.*

1. The Intergroup Clearinghouse will prepare, implement, and conduct initial staff trainings (hereinafter referred to as "Initial Staff Trainings") for Qualified Staff at all VUSD schools (including elementary schools, middle schools, high schools, and continuation schools), during the Fall 2002 semester. During the Fall 2003 semester and the Fall 2004 semester, the VUSD will offer at least one Initial Staff Training, with the aid of

the Intergroup Clearinghouse (or another similarly-qualified trainer whom the parties mutually agree upon), for any Qualified Staff whom the VUSD has hired since the previous Initial Staff Training was conducted and for any Qualified Staff who have not yet been trained because they did not attend prior Initial Staff Trainings.

2. Each Initial Staff Training will last three hours and will be focused exclusively on issues pertaining to sexual orientation harassment and discrimination. The VUSD will cooperate with the trainer in conducting reasonably limited preparatory activities in advance of Initial Staff Trainings.

3. The requirements of this paragraph will only apply to any newly-hired Qualified Staff who become employed with the VUSD after the completion of the three hour Initial Staff Trainings for that academic year. If the VUSD, as part of the normal orientation of newly-hired Qualified Staff, provides training as to any VUSD policies relating to harassment, discrimination, or sexual harassment, the VUSD must include within that training an appropriate discussion and treatment of VUSD policies and prohibitions on harassment and discrimination on the basis of sexual orientation. The trainer who conducts Initial Staff Trainings will not be required to conduct any of the instruction or training for newly-hired Qualifed Staff described in this paragraph. Regardless of whether or not newly-hired Qualified Staff receive information or training provided by the VUSD immediately following their hire, the newly-hired Qualified Staff must attend Initial Staff Trainings in the fall semester of the subsequent academic year.

4. While not a mandatory requirement of this Consent Order, the VUSD and the trainer will encourage principals and other administrators to brief or otherwise discuss the content of the Initial Staff Trainings with other VUSD staff who are not required to attend the Initial Staff Trainings but who have contact with students (such as clerical and support staff). The VUSD will not be required to document or report to Plaintiffs any efforts that it undertakes pursuant to this paragraph.

D. *Annual Staff Training Updates.*

1. Beginning with the Fall 2003 semester and continuing for the duration of

the Consent Order, the VUSD will conduct annual staff trainings of approximately thirty (30) minutes in length in the Fall semester of each year (hereinafter referred to as "Annual Staff Training Updates") for each Qualified Staff member who has already received an Initial Staff Training. The VUSD may integrate the Annual Staff Training Updates into other training or inservice programs that it conducts in the Fall semester provided that approximately thirty (30) minutes of time is spent training staff on preventing harassment and discrimination on the basis of actual or perceived sexual orientation.

2.  The VUSD shall use the Intergroup Clearinghouse (or another similarly qualified trainer whom the parties mutually agree upon) as the trainer for designing and implementing the Annual Staff Training Updates. While the VUSD will have flexibility in determining whether to employ the Intergroup Clearinghouse or other trainer to conduct all aspects of the Annual Staff Training Updates, at a minimum, the trainer must be physically present at all Annual Staff Training Updates in order to allow VUSD staff the opportunity to discuss and ask questions about (i) how they have handled incidents of harassment and discrimination reported by students during the previous year; and (ii) the development of site-specific strategies for preventing such incidents.

E.  *Content Of The Mandatory Staff Training Program.*

1.  The goal of the Initial Staff Trainings and the Annual Staff Training Updates is to increase safety, promote a safe learning environment, and prevent harassment and discrimination on the basis of actual or perceived sexual orientation. The Intergroup Clearinghouse and/or other trainer will have flexibility in designing and implementing the Initial Staff Trainings; however, the Initial Staff Trainings should include most or all of the following: (1) a discussion of terminology to be used in the training; (2) use of appropriate audiovisual and written materials; (3) small-group discussions and exercises on how to investigate, report, and remedy incidents of harassment and discrimination; (4) discussion of VUSD policies and state and federal laws regarding sexual orientation harassment and discrimination; (5) discussion of the legal obligations of VUSD employees; (6) discussion on how to develop a school site plan for preventing harassment and discrimination; (7)

discussion of community resources to aid victims of harassment and discrimination; and (8) time for questions and answers.

2. The trainer will have similar flexibility in assisting the VUSD with designing and implementing the Annual Staff Training Updates. A mandatory component of the Annual Staff Training Updates is allowing the staff to discuss and ask questions about (i) how they have handled any incidents of harassment and discrimination reported by students during the previous year; and (ii) the development of site-specific strategies for preventing such incidents. In addition to this mandatory component, the Annual Staff Training Updates should include many of the eight elements listed in Paragraph I.E.1.

3. Prior to the first trainings, the VUSD Board of Education will be provided with materials to be used and the content of the Initial Staff Trainings and the Annual Staff Training Updates for its approval with the understanding that the Board will not unreasonably withhold its consent to materials and content that comport with the description above.

## II. Mandatory Student Training Program

A. *Scope Of The Mandatory Student Trainings In VUSD High Schools.*

1. Beginning in the Fall 2002 semester and repeating each year thereafter for the duration of the Consent Order, VUSD will provide one training session of approximately fifty (50) minutes in length to all students in one grade level in all VUSD high schools and continuation schools on the subject of preventing harassment and discrimination on the basis of actual or perceived sexual orientation (hereinafter referred to as the "Mandatory Student Trainings"). The Mandatory Student Trainings will be conducted in courses in which the VUSD already addresses other forms of harassment and discrimination, or otherwise addresses school safety issues.

2. These Mandatory Student Trainings shall be conducted in VUSD high schools by students in a peer-to-peer format. The VUSD and GSA Network will attempt to integrate the Mandatory Student Training Program into any already existing VUSD peer education and counseling programs.

3.  For the 2002-2003 and 2003-2004 school years, the VUSD will contract with GSA Network for designing and implementing the Mandatory Student Training program in VUSD high schools, including training the peer trainers and preparing VUSD teachers for integrating the Mandatory Student Training Program into its high school curriculum for the 2004-2005 school year, The VUSD will pay GSA Network for services it provides to the VUSD relating to the Mandatory Student Training Program up to a maximum amount of $12,000. GSA Network shall bill VUSD for these services as they are provided.

4.  For the 2004-2005 school year, the VUSD shall implement the Mandatory Student Training Program into its high school curriculum and shall not be obligated to pay GSA Network for providing any services.

5.  Notwithstanding Paragraphs II.A.2-II.A.4 above, if as part of implementing the peer-to-peer aspects of the Mandatory Student Trainings prior to the 2004-2005 school year, the VUSD and GSA Network both agree that it is more efficient to have teachers integrate some or all of the curriculum for the Mandatory Student Trainings into the already-existing VUSD high school curriculum, GSA Network and the VUSD will cooperate and agree upon a method for implementing teacher-conducted trainings as part of the Mandatory Student Trainings. If GSA Network determines that such Mandatory Student Trainings have been successfully integrated into the VUSD curriculum, the VUSD will be relieved of its obligation to continue to retain GSA Network to provide student training-related services, and such determination shall not be unreasonably withheld.

B.  *Scope Of The Mandatory Student Training Program In Middle Schools*

1.  Beginning in the Fall 2002 semester and continuing throughout the duration of this Consent Order, the VUSD will provide an announcement about VUSD policies prohibiting harassment and discrimination on the basis of actual or perceived sexual orientation in fall student assemblies for middle schools students.

2.  Beginning in the Fall 2002 semester and continuing throughout the duration of this Consent Order, the VUSD will ensure that middle school students are taught, in the

appropriate middle school curriculum addressing harassment and discrimination, that harassment and discrimination on the basis of actual or perceived sexual orientation is prohibited.

C. *Content of the Mandatory Student Trainings*

1. The Mandatory Student Trainings will address topics related to harassment, discrimination, and school safety, specifically focused on preventing harassment and discrimination on the basis of actual or perceived sexual orientation. GSA Network will provide the VUSD Board of Education, or any committee it may designate that regularly reviews school safety or anti-discrimination matters, with materials to be used in the high school student trainings for approval with the understanding that the VUSD will not unreasonably withhold its consent to materials that comport with the general requirements discussed in this Consent Order.

2. Plaintiffs and Defendants stipulate to, and the Court hereby orders that Mandatory Student Trainings will cover topics related to harassment, discrimination, and school safety, and will not cover topics listed in Education Code Sections 51201.5, 51550, 51554 or 51820 requiring parental notification.

**III. VUSD Policies**

A. *Revisions Of Policies And Handbooks*. No later than the first day of the Fall 2002 semester and continuing throughout the duration of this Consent Order, VUSD policies and student handbooks shall be revised if necessary so that they expressly state in a conspicuous manner that harassment and discrimination based on sexual orientation and gender, which includes perceptions of a person's identity, appearance or behavior, is expressly prohibited under VUSD policies and state law. *See* Education Code Section 220 and Penal Code Sections 422.6 and 422.76.

B. *Description Of Complaint Resolution Procedures*. No later than the first day of the Fall 2002 semester and continuing throughout the duration of this Consent Order, VUSD policies and student handbooks shall be revised if necessary so that they clearly explain the complaint procedures for reporting harassment and discrimination based on sexual

orientation and gender; how investigations involving allegations of harassment and discrimination are to be conducted by the VUSD; what VUSD resources are available for victims of harassment and discrimination, including the existence of and the role of Compliance Coordinators (*see* Section IV, *infra*); and what remedies or responses the VUSD makes available for victims of harassment and discrimination.

### IV. Compliance Coordinators

A. *Selection Of Compliance Coordinators.*

1. No later than thirty (30) days after the Initial Staff Trainings are conducted for the Fall 2002 semester, the VUSD will select two administrators, faculty, or staff (one male and one female) to serve as "Compliance Coordinators" for each VUSD middle school, high school, and continuation school. VUSD elementary schools shall only be required to have one Compliance Coordinator, and the principal of each elementary school shall automatically be designated to serve in that capacity. The VUSD may call the Compliance Coordinators "school safety counselors" or another title of its choice. These Compliance Coordinators are individuals who are identified as resources for VUSD students who feel that they may have suffered harassment or discrimination based on sexual orientation, and who are available at each school for monitoring and recording allegations of harassment or discrimination on the basis of actual or perceived sexual orientation.

2. As VUSD faculty and staff are trained at the Fall 2002 Initial Staff Trainings pursuant to Paragraph I.C. of this Consent Order, the Trainers will seek volunteers to serve as Compliance Coordinators for individual middle schools, high schools, and continuation schools. If at the Fall 2002 Initial Staff Trainings two Compliance Coordinators for an individual school are not selected, within thirty (30) days of the Initial Staff Training, the principal of that school will select appropriate Compliance Coordinators whom he or she reasonably believes will have sensitivity to lesbian and gay students.

3. At the Initial Staff Trainings, the Trainers shall inform the Compliance Coordinators of their role as resources for students, and while the Compliance Coordinators need not receive any supplementary training to prepare them for their role, the VUSD must

ensure that they are familiar with (i) how to investigate and remedy allegations of sexual orientation harassment or discrimination, (ii) how to track, record, and report such incidents or complaints, and (iii) how to advise or work with other staff concerning incidents of harassment or discrimination.

        4.    Subsequent to the initial designation of Compliance Coordinators described in Paragraphs IV.A.1 and IV.A.2, each VUSD middle school, high school, and continuation school shall have two Compliance Coordinators (one male and one female) throughout the entire duration of the Consent Order. If any VUSD middle school, high school, and continuation school does not have the required two Compliance Coordinators (whether through staff attrition, resignation of Compliance Coordinators, or for other reasons), the principal for that school must within thirty (30) calendar days select a new Compliance Coordinator whom he or she reasonably believes will have sensitivity to lesbian and gay students. While any newly chosen Compliance Coordinator need not receive any supplementary training other than the Initial Staff Trainings to prepare them for their role, VUSD principals must ensure that any new Compliance Coordinators are familiar with (i) how to investigate and remedy allegations of sexual orientation harassment or discrimination, (ii) how to track, record, and report such incidents or complaints, and (iii) how to advise or work with other staff concerning incidents of harassment or discrimination.

    B.    *Publicly Identifying Compliance Coordinators For Parents, Students, and VUSD Employees.*

        1.    By no later than the Fall 2003 semester , all parents, students, and VUSD employees shall be informed of the existence, role, and identity of Compliance Coordinators through student handbooks or other guides.

        2.    By no later than the first day of the Spring 2003 semester , the existence, role, and identity of the two Compliance Coordinators shall be posted in at least one prominent and accessible location in each high school, middle school, and continuation school. In addition, by no later than the first day of the Spring 2003 semester , the VUSD website and any websites for individual VUSD schools shall, at a minimum, describe the

CONSENT DECREE AND ORDER
-8-

existence and role of the Compliance Coordinators and shall instruct students and parents that they should check with principals or other administrators at their school for the identity of site-specific Compliance Coordinators.

### V. Systems For Reporting Incidents Of Harassment And Discrimination

A. *Incident Reports.*

1. For the duration of this Consent Order, the VUSD shall maintain a written record (hereinafter referred to as an "Incident Report") of the following verbal or written complaints made to VUSD agents and employees of harassment or discrimination of students on the basis of actual or perceived sexual orientation: (1) each and every complaint of physical harassment whether reported by a student complainant or person who witnessed or learned of such harassment; (2) each and every complaint of verbal harassment or discrimination reported by a student complainant; and (3) two or more incidents of verbal harassment or discrimination reported by witnesses or persons who learned of such harassment secondhand.

2. Each Incident Report shall, at a minimum, include (1) the name of the person making the allegation, and, if different, the name of the alleged victim; (2) the nature of the allegation and the date of alleged incident; (3) the names of all persons alleged to have committed violations; (4) the names of all persons who may have relevant information about the incident; (5) the written statements of the complainant, the victim (if different from the complainant), the alleged perpetrator, and any witnesses; (6) the outcome of the investigation; (7) any action taken by the VUSD; and (8) attached copies of any documents supplied to the VUSD or created during the investigation or complaint process. The Incident Report shall be completed no later than fifteen (15) calendar days after the date upon which the complaint is first made.

B. *Computerized Reporting.* For its convenience, the VUSD may use its District-wide computer system for tracking some or all of the information in the Incident Reports relating to incidents of harassment or discrimination and the VUSD's response to them at any or all school sites. VUSD will ensure that any computerized records are appropriately

stored and maintained so that any information that is stored solely in electronic form may be provided to Plaintiffs in the Annual Reports to Plaintiffs (*see* Section X, herein).

### VI. Gay Straight Alliances And Other Clubs

A. *High School Student Handbooks.* Beginning no later than the Fall 2002 semester, the student handbooks at each VUSD high school shall include a listing of the types of clubs that the VUSD encourages students to join, and this list shall include a specific mention of a gay-straight alliance or some generic reference to a gay and lesbian student group.

B. *Faculty Advisors.* Because faculty advisors are required for non-curricular clubs, if a student at a VUSD school indicates an interest in forming a gay-straight alliance or other gay or lesbian student group to a Compliance Coordinator or an administrator at a VUSD school during the duration of this Consent Order, the VUSD will attempt to make a faculty advisor available for that club to the full extent that it would do so for any other club, and shall protect any faculty advisor who serves from suffering any adverse employment consequences as a result of his or her participation as a faculty advisor.

### VII. Community Advisory Group

A. *Role Of Visalia Unified Educational Forum.* The Visalia Unified Educational Forum, which currently is open to the community and serves as a public advisory body to the VUSD, shall be charged with addressing and discussing issues pertaining to sexual orientation discrimination and harassment, including issues of tolerance and diversity on a broader scale. The Forum will begin discussing these issues within ninety (90) calendar days of the entry of this Consent Order.

B. *Subcommittee On Sexual Orientation Issues.* Within ninety (90) days after the entry of this Consent Order, the Visalia Unified Educational Forum will create a subcommittee specifically charged with assessing the climate at VUSD schools with regard to sexual orientation discrimination and harassment, including implementing this Consent Order and implementing the goals of AB 537 (1999) (codified in Education Code Sections 200 *et seq.*).

## VIII.  Prohibitory Injunction

A.  Throughout the duration of this Consent Order, VUSD, its agents, employees, successors, and all persons in active concert or participation with it, are enjoined from:

    1.  Failing to respond promptly and appropriately in accordance with the revised policies (referred to in Section III, *supra*) whenever VUSD receives complaints or allegations of harassment or discrimination on the basis of actual or perceived sexual orientation.

    2.  Engaging in, sanctioning, or allowing harassing conduct (whether on the basis of actual or perceived sexual orientation) by failing to follow the revised policies referred to in Section III, *supra*, including verbal conduct, that creates (or will certainly create) a hostile environment by substantially interfering with a student's educational benefits, opportunities, or performance or that is threatening or seriously intimidating.

    3.  Retaliating against, or taking any actions that have the impact of adversely affecting, any student or employee because that student or employee has made allegations or filed or participated in a complaint with the VUSD or any federal, state, local or non-governmental entity concerning harassment or discrimination on the basis of actual or perceived sexual orientation.

    4.  Coercing students who have complained of harassment or discrimination on the basis of actual or perceived sexual orientation to enroll in alternative education or independent study programs.. The mere fact that a student complains of harassment or discrimination on the basis of actual or perceived sexual orientation does not justify that student's placement into alternative education or independent study programs. Nothing in this provision will prevent the VUSD from recommending its independent study program or other alternative educational programs to students for reasons independent of their harassment or discrimination complaints where the students otherwise meet the established criteria for entrance into the alternative program. Nothing in this provision shall relieve the VUSD of its obligation to respond promptly and appropriately in accordance with the revised policies (referred to in Section III, *supra*), whenever the VUSD receives complaints

or allegations of harassment or discrimination on the basis of actual or perceived sexual orientation.

## IX. Duration of Consent Order

A. This Consent Order is effective immediately upon its entry by the Court and shall remain in effect until June 30, 2005, or sixty (60) calendar days after the last report under Section X is received, whichever date is later. The Consent Order may be extended for an additional two years (to June 30, 2007), by order of this Court upon Plaintiffs' motion, if at any time from entry of the Consent Order through June 30, 2005, or sixty (60) calendar days after the last report under Section X is received, whichever date is later, the VUSD is found to be in contempt of Court or in substantial non-compliance with the terms of the Consent Order.

B. With the entry of this Consent Order, Plaintiffs and Defendants consent to and this Court hereby orders that this action is dismissed with prejudice PROVIDED HOWEVER, THAT the Court shall retain jurisdiction over this action for the period specified in Paragraph IX.A above to ensure compliance with all provisions of this Consent Order.

C. The parties agree that the time limits set forth throughout this Consent Order may be expanded upon mutual consent of the parties.

## X. Annual Reporting To Plaintiffs

A. On or before June 30, 2003, June 30, 2004, and June 30, 2005, the VUSD shall deliver to counsel for Plaintiffs, at the address set forth below, a detailed report covering the preceding reporting period containing information about the VUSD compliance efforts with this Consent Order, including but not limited to:

1. Copies of the VUSD's policies and procedures for preventing, identifying, reporting and responding to harassment and discrimination on the basis of actual or perceived sexual orientation, including any revisions since the previous report (if the policies are unchanged from a previous year, the VUSD can so certify in lieu of providing copies of the policies);

2. Copies of the specific language contained in student handbooks or any other notices or materials sent to students, parents, or employees providing information about the VUSD's policies and procedures for preventing, identifying, reporting and responding to harassment and discrimination on the basis of actual or perceived sexual orientation, and a narrative description of which documents contained these notices and when these notices and materials were distributed;

3. A certification providing the following information concerning the Mandatory Staff Training Program conducted during the preceding year: (1) the number of VUSD staff members who attended the Mandatory Staff Training Program; (2) staff members who were scheduled to attend Mandatory Staff Training Program but who failed to attend; and (3) confirmation that the following persons attended the Mandatory Staff Training Program: (a) all Compliance Coordinators; (b) all individual Defendants named in this lawsuit employed by the VUSD; and (c) all teachers participating in the Mandatory Student Training Program.

4. Narrative description of the VUSD's activities in implementing Paragraph II.B. of this Consent Order, and, if applicable, a narrative description of the VUSD's activities in conducting Mandatory Student Trainings pursuant to Paragraph II.A.5. For the June 30, 2005 annual report, the VUSD shall also provide (1) a confirmation that the VUSD conducted the Mandatory Student Training Program in all high schools during the 2004-2005 school year; (2) a narrative description of the VUSD's activities in implementing that program; and (3) a copy of a curriculum outline for the program.

5. A list of Compliance Coordinators for the middle schools, high schools, and continuation schools, by sex, job title and school;

6. Statistical information showing the number of Incident Reports, as described in Section V above, and a summary of the VUSD's investigation and resolution of these incidents. After receiving this statistical information, VUSD shall provide copies of actual incident reports upon request from Plaintiffs' counsel.

7. Copies of the specific language inserted in VUSD high school student

handbooks listing gay-straight alliances or other gay and lesbian groups as required by Section VI, above; and

       8.   Narrative descriptions of activities undertaken by the Visalia Unified Educational Forum, the Subcommittee on Sexual Orientation Issues, and/or any other group affiliated with the VUSD relating to the prevention of harassment and discrimination based on sexual orientation.

B.   Within sixty (60) calendar days of receipt of any of the above reports, Plaintiffs may request, in writing, clarifications of, or supplementation to, the report. In that event, the VUSD shall provide such clarifications and/or permit the inspection and copying of supplemental materials as the Plaintiffs may reasonably request.

## XI. Extension of Time

The VUSD shall notify Plaintiffs at least thirty (30) days in advance if it reasonably calculates that it will not be able to comply with submission of a report or implementation of any portion of this Consent Order, specifying the reasons for anticipated non-compliance and the date by which it reasonably calculates compliance will be achieved. Plaintiffs may respond to the VUSD within fifteen (15) calendar days if they believe that the VUSD's proposed timetable is unreasonable and suggest an alternative date. The VUSD shall take steps to avoid non-compliance; repeated non-compliance will be grounds for Plaintiffs or Plaintiffs' attorneys to move the Court to extend the duration of the Consent Order for substantial noncompliance.

## XII. Miscellaneous

A.   This Consent Order does not constitute, nor shall it be construed as, an admission of any liability or wrongdoing by any party.

B.   The provisions of this Consent Order will be governed by the laws of the State of California.

C.   Nothing in this Consent Order will be construed to limit, any party's right to enforce this Consent Order (or any other documentation delivered pursuant to or in connection with it) according to its terms. If any court of competent jurisdiction determines

that any provision contained in this Consent Order, or any part thereof, cannot be enforced, the parties agree that such determination shall not affect or invalidate the remainder of the Consent Order.

D.  This Consent Order shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, and assigns.

E.  The parties to this Consent Order shall endeavor in good faith to resolve informally any differences regarding interpretation of, and compliance with, this Order before bringing such matters to the Court for resolution.  However, in the event that the VUSD either fails to perform in a timely manner any act required by this Order or acts in violation of any provision of this Order, Plaintiffs or Plaintiffs' attorneys may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts.  In the event that any legal action is necessary to enforce or interpret any provision of this Consent Order, the prevailing party in any such action shall recover its costs and reasonable attorneys' fees.

F.  All documents or reports required to be submitted to Plaintiffs pursuant to this Consent Order shall be addressed to: Ann Brick, ACLU Foundation of Northern California, 1663 Mission St., Suite 460, San Francisco, CA 94103.

SO ORDERED, this 15th day of August, 2002.

OLIVER W. WANGER
United States District Judge

By their signatures on this and the following pages, the undersigned parties agree to, and request the entry of, this Consent Order:

Plaintiff George Loomis:

_____
GEORGE LOOMIS

Plaintiff Gay-Straight Alliance Network:

_____
CAROLYN LAUB, Executive Director

_____
BY: Jane Levikov, Tides Center

APPROVED AS TO FORM:

JOHN EICHHORST
EDWARD B. MULLEN III
KATHLEEN S. MORRIS
KEVIN H. LEWIS
HOWARD, RICE, NEMEROVSKI, CANADY,
FALK & RABKIN
A Professional Corporation

ANN BRICK
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.

Counsel for Plaintiffs George Loomis and Gay Straight Alliance Network

_____
BY: ANN BRICK

VISALIA UNIFIED SCHOOL DISTRICT, by and through its Board of Education; CARLYN LAMBERT, Superintendent; LINDA GONZALES, former Superintendent; BOB CESENA, Principal; GIG STEVENS, Assistant Principal; JUAN GARCIA; and Does 1-25, inclusive

_____
President
VUSD Board of Education

_____
Secretary
VUSD Board of Education

APPROVED AS TO FORM:

NELSON, ROZIER, & BETTENCOURT

Counsel for Defendants

_____
BY: JOHN ROZIER

WD 043002/1-1410501/964294/v9

rcf

United States District Court
for the
Eastern District of California
August 16, 2002

* * CERTIFICATE OF SERVICE * *

1:00-cv-06616

Loomis

v.

Visalia Unified Dist

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on August 16, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

George S Loomis                                OWW LJO
1228 E Elizabeth
Fresno, CA   93728

John Laurence Rozier
Nelson Rozier and Bettencourt
3924 West Caldwell Avenue
Suite A
Visalia, CA   93277

John Elliott Eichorst
Howard Rice Nemerovski Canady Falk and Rabkin
Three Embarcadero Center
Suite 700
San Francisco, CA   94111

Jack L. Wagner, Clerk

BY: _____
       Deputy Clerk